UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVASTON DIVISION

**FRENCH BOARDS,**

Plaintiff

v.

**JEFFERSON CAPITAL SYSTEMS LLC,**

Defendant

Case No._____

## COMPLAINT

Plaintiff French Boards ("Plaintiff") files this Complaint against Jefferson Capital Systems, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and in support thereof, states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff, by his attorneys, brings this action to challenge the actions of Defendant with regards to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those

1

allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

8. This case arises out of Defendant's numerous and egregious violations of the FDCPA, 15 U.S.C. § 1692, *et seq.* Subject matter jurisdiction of this Court exists under 28 U.S.C. § 1331.

9. Personal jurisdiction is established because Defendant conducts business within the state of Texas.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) for the following reasons: (i) Plaintiff resides in Rosharon, Texas, wherein this judicial district lies; (ii) the conduct complained of herein occurred within Rosharon, Texas this judicial district; and (iii) at all relevant times, Defendant conducted business within this judicial district.

## PARTIES

11. Plaintiff is a natural person who resides in Rosharon, Texas, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is, and at all times mentioned herein was, a corporation registered and

formed under the laws of the State of Georgia with a primary place of business and/or headquarters located at: 16 Mcleland Rd., Saint Cloud, MN 56303. Plaintiff further alleges that, at all relevant times, Defendant conducted business within the state of Texas and in this Judicial District.

13. Defendant's registered agent for service of process as it was reported to the Texas Secretary of State is as follows: CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO., 211 East 7th Street Suite 620 Austin, Texas 78701.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is a natural person residing within the State of Texas.

17. At all times relevant, Defendant conducted business in the State of Texas.

18. Sometime before December 2021, Plaintiff allegedly incurred financial obligations to an original creditor, Regional Finance Corporation of Texas ("Original Creditor"), that were money, property, or their equivalent, (the "Debt") which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

19. Sometime thereafter but before December 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

20. Afterwards, the Debt was allegedly assigned, placed or otherwise transferred to Defendant for collection. Thereafter, Defendant began contacting Plaintiff attempting to collect

upon the Debt on behalf of Regional Finance Corporation of Texas.

21. On or around December 23, 2021, Defendant sent Plaintiff a letter attempting to collect on the Debt and presented Plaintiff with payment options that were stated to expire on January 11, 2022.

22. On or around January 12, 2022, Defendant sent Plaintiff another letter attempting to collect on the Debt, and presented Plaintiff with more payment options that were stated to expire on January 31, 2022.

23. The collection letters listed a Regional Finance Corporation of Texas account number ending in 2269 with a balance of $2,356.99 as associated with the Debt.

24. Concerned by Defendant's collection letters, on or around January 14, 2022, Plaintiff sent a letter to Defendant via fax disputing the Debt, demanding validation, verification and proof of the Debt which Defendant claimed was owed by Plaintiff (the "First Dispute").

25. On or around January 21, 2022, Defendant provided a response to Plaintiff's First Dispute and included an image of a check from July 29, 2020 for a loan of $2,400 with an account number ending in 5188.

26. Confused by the differences in account numbers and amount alleged, Plaintiff sent Defendant another letter via fax on January 30, 2022, disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Second Dispute"), which was confirmed to be received by Defendant.

27. Defendant responded via mail on February 4, 2022, acknowledging Plaintiff's Second Dispute, and stated "This letter is to confirm that we have closed our file and terminated collection action."

28. Upon information and belief, Defendant was trying to collect on an account that did not belong to Plaintiff and/or falsely represented the character, amount, or legal status of the Debt allegedly owed by Plaintiff.

///
///

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

29. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

30. The purpose of the collection letters was to cause confusion, fear, anxiety, and embarrassment in Plaintiff; to induce Plaintiff to make payments to Defendant; and to collect on an alleged Debt that Defendant cannot legally pursue.

31. The false statements did in fact cause Plaintiff to suffer embarrassment, fear, and anxiety, which Plaintiff would not have experienced but for the false statements and representations made in the collection letters.

32. As a party who was allegedly obligated to pay a debt, Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

33. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another party, Client Services, Inc., and is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

34. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reasons of a consumer credit transaction. As such, this action arises out a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

35. Defendant's collection letters to Plaintiff constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. Through the above conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff by

continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

37. Through the above conduct, Defendant violated 15 U.S.C §§ 1692e, 1692e(2), 1692e(10) by continuing with attempts to collect upon the alleged debt from Plaintiff using false, deceptive, and misleading information in connection with the Debt.

38. Through the above conduct, Defendant's violated 15 U.S.C § 1692f.

39. As a result of each, and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). from Defendant.

## DEMAND FOR JURY TRIAL

40. Please take notice that Plaintiff hereby demands a trial by jury in this action.

///

///

///

///

///

///

///

///

///

///

///

///

6

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§ 1692, et seq. and an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding any, and all other relief that this Court deems just and proper.

Dated: July 14, 2022                                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Amy Ginsburg
    Amy Ginsburg, Esq.
    amy@kazlg.com
    245 Fischer Ave., Suite D1
    Costa Mesa, CA 92626
    Telephone: (214) 880-6362
    Fax: (800) 635-6425

    1012 N. Bethlehem Pike
    Suite 103, Box #9 Ambler,
    PA 19002

    *Attorneys for Plaintiff*